IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID SNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:04cv752-C |
| | ) | (WO) |
| JO ANNE B. BARNHART, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

**I.  Introduction**

In this case, the Commissioner acting through an Administrative Law Judge ("ALJ"),

concluded that the plaintiff could return to his former work including being a security guard

even though a consultative psychologist found that the plaintiff had a major thought

disturbance including hearing voices telling him to "do terrible things."  The plaintiff, David

Snell ("Snell"), applied for disability insurance benefits pursuant to Title II of the Social

Security Act, 42 U.S.C. §§ 401, *et seq.*, and for supplemental security income benefits under

Title XVI of the Social Security Act,  42 U.S.C. § 1381, *et seq.*, alleging that he was unable

to work because of a disability.  His application was denied at the initial administrative level.

Snell then requested and received a hearing before an Administrative Law Judge ("ALJ").

Following the hearing, the ALJ also denied the claim.  The Appeals Council rejected a

subsequent request for review.  The ALJ's decision consequently became the final decision

of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review pursuant to 42 U.S.C. § 405 (g) and § 1631(c)(3).  Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to entry of final judgment by the United States Magistrate Judge.  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be reversed and this case remanded to the Commissioner for further proceedings.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. § 404.1520, §416.920.

> (1)  Is the person presently unemployed?
> (2)  Is the person's impairment severe?
> (3)  Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4)  Is the person unable to perform his or her former occupation?

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

2

(5)  Is the person unable to perform any other work within the economy?

An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

[The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  *See e.g. Ware v. Schweiker,* 651 F.2d 408 (5th Cir. 1981) (Unit A).

3

### III.  Administrative Proceedings

Snell was 50 years old at the time of the hearing before the ALJ.  (R. 303.)  He is a high school graduate.  (*Id.*)  Snell's prior work experience includes working as a cashier, security officer, truck driver, salesman, correctional officer, and cook.  (R. 90.)  Snell alleges that he became disabled due to major depression and migraine headaches.  Following the hearing, the ALJ concluded that Snell has severe impairments of headaches and major depression with psychotic features. (R. 13.)  The ALJ found that Snell also suffers from non-severe impairments of hypertension and breathing problems.  (R. 14.)  Next, the ALJ determined that Snell was able to perform his past relevant work as a cashier, security guard, heavy equipment operator, retail sales clerk, and cook.  (R. 19.)  Based on the testimony of the vocational expert, the ALJ concluded that there were significant jobs in the national economy that Snell could perform.  (*Id.*)  Accordingly, the ALJ concluded that the plaintiff was not disabled.  (*Id.*)

### IV.  Discussion

Snell raises several issues and arguments related to this court's ultimate inquiry of whether the Commissioner's disability decision is supported by the proper legal standards and by substantial evidence. *See Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).  However, the court pretermits discussion of Snell's specific arguments because the court concludes that the ALJ erred as a matter of law, and thus, this case is due to be remanded for further proceedings.  Specifically, the court finds that the ALJ failed to fully develop the record and failed to properly consider the claimant's credibility.

Snell was unrepresented by counsel at the hearing.  When a disability claimant is unrepresented by an attorney, the duty of an ALJ to develop a full and fair record rises to a special level.  *Smith v. Schweiker*, 677 F.2d 826, 829 (11th Cir. 1982).  The ALJ must conscientiously probe into, inquire of, and explore all relevant facts to elicit both favorable and unfavorable facts for review.  *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).  Moreover, it is error for the ALJ to fail to obtain additional testing or otherwise develop the evidence, if that information is necessary to make an informed decision.  *See Holladay v. Bowen*, 848 F.2d 1206, 1209 (11th Cir. 1988).

Snell argues that this case should be remanded because the ALJ did not fulfill his duty to fully develop the record, particularly in light of his *pro se* representation.  However, a remand to the Commissioner is not warranted unless the plaintiff shows prejudice.  *Kelley v. Heckler*, 761 F.2d 1538 (11th Cir. 1985).

> This at least requires a showing that the ALJ did not have all of the relevant evidence before him in the record (which would include relevant testimony from claimant), or that the ALJ did not consider all of the evidence in the record in reaching his decision.  *See Smith*, 677 F.2d at 830 (relevant inquiry is whether the record reveals evidentiary gaps which result in unfairness or clear prejudice).

*Id.* at 1540.

In this case, the court concludes that Snell was prejudiced by the ALJ's failure to fully develop the record concerning the effectiveness of Snell's medications on his condition.  Specifically, the ALJ failed to consider whether additional medical evidence from Snell's treating psychiatrist was necessary, particularly in light of the consultative psychologist's

recommendation that additional treatment was suggested.  In January 2003, Doug McKeown, a consultative psychologist, conducted an examination of Snell and determined that "[t]he claimant presents information suggesting a major disturbance of thought along with depressive symptomatology with symptomatology *that is not adequately responding to medication*."  (R. 245.) (emphasis added.)  Dr. McKeown recommended that Snell "obtain another appointment with his treating psychiatrist for evaluation of his medication and inform his treatment team that he is not receiving adequate response with regard to his medications."  (R. 246.)  Dr. McKeown noted that Snell reported that "voices tell him to do terrible things like bring harm to himself or others but he has been able to resist the temptation and command of the voices" and that, "even with all of his medication, these symptoms have not significantly improved."  (R. 244-45.)  In commenting on Dr. McKeown's report, the ALJ ignored McKeown's conclusion that Snell suffered from a "major disturbance of thought."  (R. 245.)

The record does not contain any medical records that indicate that Snell subsequently sought treatment with his treating psychiatrist for an evaluation of his medication.[4]  While the burden is on Snell to submit evidence establishing disability, the circumstances of this case demand that the ALJ take additional steps to see that the record is fully developed. Although the ALJ recognized that the consultative examination was necessary to make an informed decision, under the circumstances of this case the ALJ is not free to order a

---

[4] The record demonstrates that, in June 30, 2003, a nurse practitioner adjusted some of Snell's medication due to sleepiness and weight gain; however, there is no indication that Snell was examined by a psychiatrist or that his medication was adjusted to alleviate his psychotic symptoms.  (R. 287-88.)

6

consultative examination and then fail to address the consultative examiner's concerns about the efficacy of Snell's medications on his impairments.  The ALJ did not consider whether Snell's medications were properly controlling his symptoms, nor did he consider whether Snell sought further treatment to address the effectiveness of his medications on his condition.  *See generally Baker v. Bowen*, 886 F.2d 289, 292 (10th Cir. 1989) (failure to obtain x-rays particularly a problem when claimant is complaining of arthritis, a disease commonly diagnosed by x-rays); *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000) ("fail to see how the ALJ could have properly assessed the extent of arthritis without updated x-rays").

The ALJ's failure to develop the medical evidence requires this case be remanded for further proceedings.  *See Holladay v. Bowen,* 848 F.2d at 1209.  Moreover, pursuant to 20 C.F.R. § 416.917, the ALJ is required to order additional medical tests when the claimant's medical sources do not give sufficient medical evidence to make a determination as to disability.  Yet, despite the lack of medical evidence in the record and without securing additional information, the ALJ ignored the consultative examiner's concern that Snell's medication was not effectively treating his mental impairment.  In essence, the ALJ substituted his own judgment for that of the consultative examiner.  The ALJ is not entitled to ignore either the law or medical opinion.  Thus, the court concludes that the Commissioner inadequately developed the record in this case by failing to secure further evaluations or medical records regarding the effectiveness of the plaintiff's medications on his mental condition.  The court further concludes that the ALJ could not make an informed decision

7

based on the record before him, and thus, his decision is not supported by substantial evidence.

In addition, the ALJ failed to fully develop the record with respect to Snell's treatment for severe headaches.    Although a psychiatric nurse practitioner's notes indicate that Snell was examined by a neurologist and prescribed Depakoted for the treatment of headaches, the neurologist's findings are not included in the record.    (R. 287.)    This court therefore concludes that the ALJ failed to properly consider all of Snell's impairments.

Next, the ALJ failed to consider whether Snell suffered any side effects from his prescribed medications.  Snell reported that he takes daily the following medications: 1950 milligrams of Butalbital and 1000 milligrams of Divalproex for headaches; 60 milligrams of Mirtazapine for depression; 7.5 milligrams of Clonazepam for depression and anxiety; 500 milligrams of Quietapine Fumarate, the generic version of Seroquel, for voices; 100 milligrams of Metoprolol for high blood pressure;   Rabeprazole for stomach problems; Combivent for breathing difficulties; and over-the-counter sinus medication. (R. 292.) The ALJ utterly failed to consider whether Snell suffers any side effects from his medications. The ALJ ignored evidence of these numerous medications, and thus, failed to consider how the medications may combine to affect his ability to work.  In light of this evidence, the court concludes that the ALJ failed to adequately develop the record regarding the effect of Snell's medications on his ability to work.  It is conceivable that the side effects of medication could render a claimant disabled or at least contribute to a disability.  *Cowart v. Schweiker*, 662 F.2d 731, 737 (11th Cir. 1981).  On remand, the ALJ should consider all of the effects of

8

Snell's medications on his ability to perform work.

The court also concludes that the ALJ failed to conduct a proper credibility determination. Where an ALJ decides not to credit a claimant's testimony, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995); *Jones v. Dept. of Health & Human Servs.*, 941 D.2d 1529, 1532 (11th Cir. 1991)(articulated reasons must be based on substantial evidence). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *See Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987); *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986).

A lack of sufficiently explicit credibility findings becomes a ground for remand when credibility is critical to the outcome of the case. *See Smallwood v. Schweiker*, 681 F.2d 1349, 1352 (11th Cir. 1982). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "'the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding.'" *Foote v. Chater*, 67 F.3d at 1562, *quoting Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir 1983) (although no explicit finding as to credibility is required, the implication must be obvious to the reviewing court).

While the ALJ did not state his reasons for discrediting Snell's testimony concerning his subjective complaints, he does set forth the reasons Snell can perform work duties.

> After considering the medical and clinical findings of record, in association with the claimant's testimony, it is clear that, although the claimant may suffer

9

to some degree from the severe impairment of atypical psychosis with depression and chronic headache, he does not suffer from significant, debilitating mental health.  On September 2002, the claimant reported to the emergency room physician that he had been experiencing migraines for six months; however, they were normally relieved by Imitrex (Exhibit 4F).  The medical evidence indicates no previous psychiatric hospitalizations and that the claimant only began treatment for psychiatric problems in 2001 through the Veterans Administration.  According to Dr. McKeown, the claimant appeared to be functioning in the low average range of intellectual abilities and it appeared that he would be capable of managing financial resources.  In regards to daily activities, the claimant reported that he tried to do a little work around the house.  He reported that he read the newspaper, watched television, listened to the radio, as well as assisting his wife shopping.  He further reported that he was basically capable of meeting all activities of daily living (Exhibit 6F).  Furthermore, the claimant testified that he is able to take care of personal needs, do laundry and housework; he is able to drive, walk 500 yards, stand for 15 to 20 minutes, sit for more than 60 minutes, and lift/carry 50 pounds; he can bend/stoop and climb stairs; and his hands/arms, reaching overhead, and dexterity are all okay.  The Administrative Law Judge finds no indication from the record that the claimant's ability to reason, think, follow simple instructions, or exercise judgment in performing work duties is impaired to any significant degree by his impairments.  For all the foregoing reasons, the Administrative Law Judge finds that the claimant's mental impairment does not meet or equal the level of severity of any impairment contained in Appendix 1, Subpart P, of Regulations No. 4.

(R. 18.)  The court's difficulty with the ALJ's assessment of Snell's credibility is that the ALJ never points to substantial evidence directly contradicting Snell's claims.  Although the ALJ detailed some of Snell's complaints and parts of the medical records, nothing in his analysis clearly indicates that he evaluated Snell's credibility in accordance with the law of this Circuit.  Absent a credibility determination, this court cannot determine if the ALJ's decision is based on substantial evidence.

## V.  Conclusion

Accordingly, the court concludes that this case be reversed and remanded to the

Commissioner for further proceedings consistent with this opinion.

A separate order shall accompany this opinion.

Done this 21st day of June, 2005.


_____/s/Charles S. Coody_____

CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE

11