IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID SNELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JO ANNE BARNHART, )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | CIVIL ACTION NO. 2:04cv752-C<br>(WO) |

**ORDER**

On June 21, 2005, the court entered a final judgment in this matter, reversing the decision of the Commissioner and remanding this matter to the Commissioner for further proceedings consistent with the memorandum opinion entered on the same date. (Docs. # 20 & 21). On October 14, 2005, plaintiff's counsel filed a petition for authorization of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. On October 31, 2005, the Commissioner filed a response to the plaintiff's petition for authorization of attorney's fees objecting to the fee petition as untimely. In reply to the Commissioner's response, on November 17, 2005, the plaintiff filed a motion to file an application for attorney's fees out of time. (Doc. # 26).

Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), the court "shall award to a prevailing party . . . fees and other expenses, . . . , incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States

was substantially justified or that special circumstances make an award unjust." However, the plaintiff is required to file his motion for attorney's fees within thirty days of final judgment being entered.[1] The court entered judgment in this action on June 21, 2005. *See generally Sullivan v. Finkelstein*, 496 U.S. 617, 625 (1990) (concluding that district court's reversal and remand of Commissioner's determination constitutes a final appealable judgment). *See also Newsome v. Shalala*, 8 F.3d 775, 778 (11th Cir. 1993). The Commissioner was permitted sixty days to appeal this decision. *See* FED.R.APP.PR. 4(a). At the expiration of 60 days, the judgment became final because the Commissioner did not file an appeal. The plaintiff then had 30 days thereafter to file a petition for attorney's fees. *See Shalala v. Schaefer*, 509 U.S. 292 (1993); *Myrrs v. Sullivan*, 916 F.2d 659, 679 (11th Cir. 1990). Consequently, the plaintiff's petition for attorney's fees was due no later than September 20, 2005.

The plaintiff filed his motion for attorney's fees on October 14, 2005. (Doc. # 22). The Commissioner objects to the award of fees because the plaintiff's motion is untimely. (Doc. # 24). In response, the plaintiff concedes that his motion is untimely but it was "due

---

[1] 28 U.S.C. § 2412(d)(1)(B) reads in pertinent part as follows"

A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified.

to a clerical oversight, after speaking with someone at the District Court, the due date was inadvertently miscalendered."  (Doc. # 26).  In addition, the plaintiff argues that the defendant was permitted to file her brief out of time due to an inadvertent miscalendared date.  (*Id*.)

The problem with the plaintiff's position is, however, that the Equal Access to Justice Act, specifically "prescribes the timing and content of applications seeking fees authorized by § 2412(d)(1)(A)," and requires an application for fees to be filed within thirty days of final judgment.  *Scarborough v. Principi*, 541 U.S. 401, 405 (2004).  This is not a case in which the plaintiff filed a timely motion and then sought to amend it.  *See Scarborough, supra*.  Instead, it is clear and undisputed that the plaintiff's motion was untimely.

Accordingly, it is

ORDERED that the plaintiff shall show cause, on or before **December 8, 2005**, why his application for attorney's fees and his motion to file his application for attorney's fees should not be denied as untimely.  The plaintiff is specifically directed to address why the court should not treat the thirty day filing limitation in the EAJA as an inflexible 'claim-processing rule" in accordance with *Eberhart v. United States*, 546 U.S. ___ (2005).

Done this 23rd day of November, 2005.

    /s/Charles S. Coody  
CHARLES S. COODY  
CHIEF UNITED STATES MAGISTRATE JUDGE